IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| LUKE M. ARABZADEGAN #1316202 § | |
| § | |
| V. § | A-06-CA-297-LY |
| § | |
| MRS. CHRISTINE E. McKEEMAN and § | |
| J.M. RICHARD § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

To:    The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Telford Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff sues Christine E. McKeeman, Executive Director and General Counsel of the Board of Disciplinary Appeals, and J.M. Richard, Senior Investigator for the State Bar of Texas. He seeks a declaratory judgment and injunctive relief.

1

Plaintiff alleges his constitutional rights have been violated because the defendants denied Plaintiff's grievance against his attorney, Joseph Turner, without carrying out their administrative policies, procedures and regulations under the Disciplinary Rules of Professional Conduct on client-lawyer relationships. He further alleges he was denied his right to appeal on January 26, 2006. Plaintiff asserts the denial of the right to appeal was a vague, unsupported answer, concerning Mr. Turner.

According to Plaintiff, his father, Saeed Arabzadegan, hired Mr. Turner to represent Plaintiff in a capital murder case. The contract signed by both father and son provided that Mr. Turner would receive $100,000.00 for his services and would receive an additional $100,000.00 if the State pursued the death penalty. Plaintiff complains Mr. Turner's fees were not based on his actual time, as required by state law, and he was not provided with an itemization of Mr. Turner's expenses. Plaintiff concludes Mr. Turner deprived him and his father of $100,000.00 and Mr. Turner provided ineffective assistance of counsel. Plaintiff filed a grievance regarding this matter with the Board of Disciplinary Appeals. Plaintiff was not satisfied with the Board's decision and now contends the defendants acted in concert with Turner by not enforcing their own administrative policies, procedures and regulations against Turner for his alleged unlawful actions in violation of the Disciplinary Rules of Professional Conduct. Plaintiff further complains the defendants did not issue a written opinion regarding this matter when it denied his request for relief.

## DISCUSSION AND ANALYSIS

A.     Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may

be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.   Conspiracy

Plaintiff's conclusory conspiracy allegations are not supported with any allegations of specific facts. As such, they are legally insufficient to avoid the dismissal of Plaintiff's claims herein as frivolous. Conclusory assertions of a global conspiracy are legally insufficient to withstand scrutiny under Title 28 U.S.C. Section 1915(e). See Krueger v. Reimer, 66 F.3d 75, 77 (5th Cir.1995) (affirming the dismissal as frivolous of a convicted prisoner's global allegations of a conspiracy between a state district judge and a prosecuting attorney); Wilson v. Budney, 976 F.2d 957, 958 (5th Cir.1992) (holding that, in cases where the plaintiff is proceeding in forma pauperis, conclusory allegations of a civil rights conspiracy are subject to dismissal as frivolous under former Title 28 U.S.C. Section 1915(d)); Turner v. Upton County, 967 F.2d 181, 186 (5th Cir.1992) (holding that global allegations of conspiracy, unsubstantiated with any evidence supporting same, were insufficient to support an inference that a county official had conspired with a private party to plant evidence and maliciously prosecute the plaintiff); Young v. Biggers, 938 F.2d 565, 569 (5th Cir.1991) (holding that

civil rights conspiracy claims must include allegations of specific operative facts).  Accordingly, Plaintiff's conspiracy claims should be dismissed as frivolous.

    C.    <u>Due Process</u>

Stripped of the conclusory conspiracy allegations, Plaintiff's complaints against the two named defendants in this lawsuit amount to little more than allegations that the defendants conspired to deprive Plaintiff of his right to have the State Bar of Texas conduct a proper investigation into his grievance filed against Turner.  However, Plaintiff does not possess a federally-protected constitutional right to compel the State Bar of Texas to investigate Plaintiff's grievance against Turner and to render a decision to his liking.  Any right to such an investigation exists wholly and completely as a result of state law.  The failure of state officials to fulfill their duties under state law does not give rise to a federal constitutional claim.  <u>Brinson v. McKeeman</u>, 992 F. Supp. 897, 909 (W.D. Tex. 1997) (citing <u>Myers v. Klevenhagen</u>, 97 F.3d 91, 94 (5th Cir.1996) (holding that a prison official's failure to follow the prison's own policies, procedures, and regulations does not constitute a violation of due process if constitutional minima are nevertheless met); <u>Giovanni v. Lynn</u>, 48 F.3d 908, 912 (5th Cir.1995), <u>cert. denied</u>, 516 U.S. 860, 116 S.Ct. 167, 133 L.Ed.2d 109 (1995) (holding that a mere failure to accord procedural protection called for by state law or regulation does not of itself amount to a denial of due process); <u>Murphy v. Collins</u>, 26 F.3d 541, 543 (5th Cir.1994) (holding that a state's failure to follow its own procedural regulations does not constitute a violation of due process if constitutional minima are met); <u>Murray v. Mississippi Department of Corrections</u>, 911 F.2d 1167, 1168 (5th Cir.1990), <u>cert. denied</u>, 498 U.S. 1050, 111 S.Ct. 760, 112 L.Ed.2d 779 (1991) (holding that alleged violations of a state statute did not give rise to federal constitutional claims); <u>Jackson v. Cain</u>, 864 F.2d 1235, 1251 (5th Cir.1989): ("A state's failure to follow its own procedural regulations

does not establish a violation of due process, because 'constitutional minima may nevertheless have been met.' "); and Brown v. Texas A & M University, 804 F.2d 327, 335 (5th Cir.1986) (holding that a state agency's violations of its own internal regulations did not establish a Due Process violation or otherwise give rise to a constitutional claim)). As such, Plaintiff's due process claims are frivolous.

    D.      Equal Protection

To the extent Plaintiff alleges an equal protection violation his claim also fails. A prisoner's vague and conclusory allegations that his equal protection rights have been violated are insufficient to raise an equal protection claim. Pedraza v. Meyer, 919 F.2d 317, 318 n. 1 (5th Cir. 1990). As Plaintiff has not alleged he is being treated differently from those similarly situated, his equal protection claims are vague and conclusory and should be dismissed as frivolous.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of

a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

## OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

The clerk is directed to mail a copy of this Report and Recommendation to all parties by return mail, receipt requested.

SIGNED this 4th day of May 2006.

*[signature]*

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE